```
              IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                   DIVISION OF ST. THOMAS & ST. JOHN

DAVID H. STAPLES and MARJA      )
STAPLES,                        )
                                )
              Plaintiffs,        )
                                )            Civil No. 2005-11
         v.                     )
                                )
RUYTER BAY LAND PARTNERS, LLC;  )
RUYTER BAY LAND INVESTORS,      )
LLC; MIKAEL VAN LOON; STEPHEN   )
STRANAHAN; CHARLES SALISBURY;   )
GRANT HATHAWAY; FRANK MURRAY;   )
and THE NATURE CONSERVANCY,     )
                                )
              Defendants.        )
_____ )
```

**David H. Staples,**
        *Pro se.*

**Marja Staples,**
        *Pro se.*

**J. Daryl Dodson, Esq.**
St. Thomas, U.S.V.I.
        *For defendants Ruyter Bay Land Partners, LLC; Ruyter Bay*
        *Land Investors, LLC; Mikael Van Loon; Stephen Stranahan;*
        *Charles Salisbury; Grant Hathaway; and Frank Murray.*

**Gregory H. Hodges, Esq.**
**Justin K. Holcombe, Esq.**
St. Thomas, U.S.V.I.
        *For defendant The Nature Conservancy.*


                        <u>MEMORANDUM OPINION</u>


**GÓMEZ, C.J.**

        Before the Court are motions for summary judgment by

defendants Ruyter Bay Land Partners, LLC ("Ruyter Bay Partners");

Ruyter Bay Land Investors, LLC ("Ruyter Bay Investors"); Mikael

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 2

Van Loon ("Van Loon"); Stephen Stranahan ("Stranahan"); Charles Salisbury ("Salisbury"); Grant Hathaway ("Hathaway"); and Frank Murray ("Murray") (Ruyter Bay Partners, Ruyter Bay Investors, Van Loon, Stranahan, Salisbury, Hathaway and Murray are collectively referred to as the "Individual Defendants"), and defendant The Nature Conservancy (the "Conservancy"), against *pro se* plaintiffs David H. Staples and Marja Staples (the "Staples").

## I. FACTUAL AND PROCEDURAL BACKGROUND

The central issue in these motions for summary judgment is whether the claims alleged by the plaintiffs in this action are barred by a prior action.

The Staples are owners of lots at Sprat Bay Estates on Water Island, U.S. Virgin Islands, and are members of the Sprat Bay Homeowners Association, Inc. (the "SBHOA"). In July, 2003, SBHOA members Steven J. Malpere and the Staples (collectively, the "2003 Plaintiffs") brought an action (the "2003 Action")[1] against Ruyter Bay Partners, Van Loon, Stranahan, Salisbury, Hathaway and Murray (collectively, the "2003 Defendants"), for payment of various fees and foreclosure of liens on properties owned by the 2003 Defendants and the Conservancy. The 2003 Defendants filed a counterclaim requesting a declaratory judgment that no fees were owed on the properties, and alleging intentional harm to

---

[1] *Malpere v. Ruyter Bay Land Partners, LLC*, Civ. No. 2003-132, 2004 U.S. Dist. LEXIS 27621 (D.V.I. Dec. 22, 2004).

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 3

property.  This Court granted summary judgment in favor of the
2003 Defendants on all claims asserted by the 2003 Plaintiffs.
The Court also granted the 2003 Defendants partial summary
judgment on their counterclaim for a declaratory judgment.  The
2003 Plaintiffs moved to have the Court reconsider its summary
judgment.  That motion was denied.[2]

In February, 2005, the Staples brought the above-captioned
action (the "2005 Action") against the Individual Defendants and
the Conservancy (collectively, the "2005 Defendants").  In their
complaint, the 2005 Plaintiffs allege that they are Sprat Bay
property owners and SBHOA members.  They further allege that the
SBHOA was bound by certain covenants.  One such covenant provided
for SBHOA members to pay maintenance dues.  The 2005 Plaintiffs
allege that the SBHOA improperly modified that covenant to exempt
members of Ruyter Bay Partners from paying dues for three years.
They further allege that Ruyter Bay Partners transferred property
to the Conservancy, and improperly exempted the Conservancy from
paying dues.  According to the Complaint, these actions have
caused the 2005 Plaintiffs financial harm.

The Individual Defendants and the Conservancy have both
filed motions for summary judgment.  The Staples have filed
oppositions.

_____

[2]   *Malpere v. Ruyter Bay Land Partners, LLC*, Civ. No.
2003-132, 2005 U.S. Dist. LEXIS 14164 (D.V.I. June 9, 2005).

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 4

## II. <u>DISCUSSION</u>

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements . . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 5

(2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III. <u>ANALYSIS</u>

The 2005 Defendants assert that the Staples' claims in the 2005 Action are identical to those in the 2003 Action, and are thus barred by the doctrine of res judicata, also known as claim preclusion. *See Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990).

Claim preclusion "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promot[es] judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 (1979). For claim preclusion to apply, the following three elements must be present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 2001).

**A.   Requirement One: Final Judgment on the Merits**

The first requirement for claim preclusion to apply is a final judgment on the merits in a prior action.

"A final judgment is one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to the judgment and leaves nothing to be done in the cause save superintend,

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 6

ministerially, the execution of the decrees." *Chemlen v. Bank of Ir. First Holdings*, No. 93-1592, 1993 U.S. App. LEXIS 28614, at *8 (1st Cir. Nov. 3, 1993).  The Restatement (Second) of Judgments provides that "[a] valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim." RESTATEMENT (SECOND) OF JUDGMENTS § 19 (1982).  The Restatement specifies that this rule "is applicable to a case in which it is determined before trial that there is no genuine dispute with respect to any material fact and that, as a matter of law, the defendant is entitled to judgment." *Id.* at cmt. g.

To meet their burden, the 2005 Defendants assert that a final judgment on the merits was issued in the 2003 Action, and that the 2003 Plaintiffs' claims were dismissed with prejudice. The 2005 Defendants point specifically to this Court's order (the "2003 Order") in the 2003 Action.

The "2003 Order" granted the 2003 Defendants' "motion for summary judgment *as to all claims* against them . . . ." *Malpere*, 2004 U.S. Dist. LEXIS 27621, at *12 (emphasis supplied).  That judgment further denied the 2003 Plaintiffs' cross-motion for summary judgment.  The 2003 Order thus resolved all material issues in dispute and disposed of the action entirely. *See*, *e.g.*, *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1363 (9th Cir. 1992) (noting that a final order "resolves and seriously affects

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 7

substantive rights" and "finally determines the discrete issue to
which it is addressed"). The record reflects that the 2003 Order
granting summary judgment for the 2003 Defendants was entered on
December 23, 2004, at which point it became a final order on the
merits. *See*, *e.g.*, *RegScan, Inc. v. Brewer*, Civ. No. 04-6043,
2006 U.S. Dist. LEXIS 6412, at *17 (E.D. Pa. Feb. 17, 2006)
(holding that a "summary judgment order . . . is a final judgment
for purposes of res judicata"). Indeed, the only activity in the
2003 Action since entry of the 2003 Order is the Court's denial
of the 2003 Plaintiffs' motion to reconsider and an award of
attorneys' fees in favor of the 2003 Defendants.

Based on the 2003 Order, the Court finds that the 2005
Defendants have met their initial burden of showing that there is
no genuine question of material fact with respect to the issuance
of a final order in the 2003 Action. The burden thus shifts to
the Staples to come forward with competent evidence that shows
that there is a genuine question of material fact. The Staples
seek to meet their burden by raising several arguments. None of
those arguments are persuasive.[3]

_____

[3] Several of the Staples' arguments may be addressed
summarily. First, the Staples argue that the Court erred by not
*sua sponte* directing the Staples to amend their complaint. This
argument is not relevant to a determination whether the 2003
Order is a final judgment. Second, the Staples maintain that a
district judge did not sign the 2003 Order. That claim is false;
a district judge did indeed sign the 2003 Order. Third, the
Staples assert that a district judge did not sign the 2003 Order

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 8

First, the Staples assert that this Court "refused to judge" several of the 2003 Plaintiffs' claims on the merits in the 2003 Order. (Pls.' Opp. to Mot. for Summ. J. 2).  That argument is misguided.  In the 2003 Order, the Court noted that the 2003 Plaintiffs had raised several new claims in their cross-motion for summary judgment.  The Court disregarded those claims, reasoning that "[a] summary judgment motion is not an amended complaint and therefore an improper medium by which to raise new claims." *Malpere*, 2004 U.S. Dist. LEXIS 27621, at *5 n.2. Moreover, the Court noted that "[o]n a motion for summary judgment, plaintiffs have not offered enough evidence to survive the motion with respect to [claims actually alleged in their complaint]." *Malpere*, 2004 U.S. Dist. LEXIS 27621, at *8 n.4. Those claims were for breach of contract and breach of fiduciary duty, both of which are also alleged in the 2005 Action.

Second, the Staples argue that the 2003 Action was "dismissed on a technicality: i.e. standing." (Pls.' Opp. to Mot. for Summ. J. 3).[4]  The Staples do not cite any law to support

_____

until January, 2005.  Again, the Staples' assertion is without support in the record.  Finally, the Staples contend that the Court never sent notice to them of the 2003 Order.  The Court finds this argument disingenuous in light of the fact that the Staples filed a motion to reconsider the 2003 Order.

[4]  The Staples rely on section 20 of the Restatement (Second) of Judgments.  That reliance is misplaced.  Section 20 provides:

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 9

their contention that claim preclusion does not apply to a

decision based on lack of standing.  The case law of some

circuits does hold that a "dismissal based on standing is not 'on

the merits' and therefore will not act as a bar to a later suit."

*McCarney v. Ford Motor Co.*, 657 F.2d 230, 233 (8th Cir. 1981).

However, the exception on which the Staples rely is not

applicable in this case.

---

   (1) A personal judgment for the defendant, although
   valid and final, does not bar another action by the
   plaintiff on the same claim:

      (a) When the judgment is one of dismissal for lack
   of jurisdiction, for improper venue, or for nonjoinder
   or misjoinder of parties; or

      (b) When the plaintiff agrees to or elects a
   nonsuit (or voluntary dismissal) without prejudice or
   the court directs that the plaintiff be nonsuited (or
   that the action be otherwise dismissed) without
   prejudice; or

      (c) When by statute or rule of court the judgment
   does not operate as a bar to another action on the same
   claim, or does not so operate unless the court
   specifies, and no such specification is made.

   (2) A valid and final personal judgment for the
   defendant, which rests on the prematurity of the action
   or on the plaintiff's failure to satisfy a precondition
   to suit, does not bar another action by the plaintiff
   instituted after the claim has matured, or the
   precondition has been satisfied, unless a second action
   is precluded by operation of the substantive law.

RESTATEMENT (SECOND) OF JUDGMENTS § 20 (1982).  The record does not
reflect, nor do the Staples assert, that any of the above
circumstances apply to the 2003 Order.

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 10

In the 2003 Action, the Court found that the right to bring the claims alleged in that action was vested in the SBHOA, not the Staples or any other individual property owners.  In other words, the Court's decision on the issue of standing was predicated on a factual finding that the 2003 Plaintiffs had not shown that they had any right to bring the 2003 Action.  Since the 2003 Plaintiffs' underlying claims were predicated on this right, this factual finding, even though made in the context of determining the 2003 Plaintiffs' standing, was a determination of the merits of those claims.  Furthermore, the 2003 Plaintiffs made no attempt to appeal that finding to the Third Circuit. *See*, *e.g.*, *Chemlen*, 1993 U.S. App. LEXIS 28614, at *10 (holding that the appellant's claim was precluded because the dismissal of his first claim for lack of standing was an adjudication on the merits of that claim).

Furthermore, courts in other circuits have held that "[t]here is ample support for the legal conclusion that a prior decision on lack of standing has a res judicata effect as to that litigant." *See*, *e.g.*, *Mrazek v. Suffolk County Board of Elections*, 630 F.2d 890, 897 n. 10 (2d Cir. 1980) (noting that a prior determination by state courts that parties lacked standing would be binding under claim preclusion to the federal courts); *Chaudhary v. Stevens*, Civ. No. 05-382, 2005 U.S. Dist. LEXIS 27447, at *14 (E.D. Va. Aug. 9, 2005) ("Plaintiffs do not cite

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 11

any law to support their contention that *res judicata* does not
apply to a decision based on lack of standing."), *aff'd* 182 Fed.
Appx. 204 (4th Cir. 2006); *Tycon Tower I Inv. Ltd. Pshp. v. John
Burgee Architects*, Civ. No. 95-6951, 1999 U.S. Dist. LEXIS 13305,
at *26 (S.D.N.Y. Aug. 31, 1999).  Here, the claims alleged in the
2003 Action were dismissed in part because the 2003 Plaintiffs
lacked standing to assert those claims.  In the instant action,
without asserting a basis for standing, the Staples allege claims
in the same capacity as the 2003 Plaintiffs in the 2003 Action.

Accordingly, there is no genuine question of material fact
that the 2003 Order is a final judgment on the merits for claim
preclusion purposes.

**B.   Requirement Two: Same Parties or Privies**

The second requirement for res judicata to apply is the
presence of the same parties or their privies in the prior and
subsequent actions.

To meet their initial burden of showing that there is no
genuine question of material fact, the 2005 Defendants argue that
the parties in this action are the same as those in the 2003
Action.  The 2005 Defendants assert that the Staples were
plaintiffs in the 2003 Action, and are now plaintiffs in the 2005
Action.  The 2005 Defendants further assert that the Individual
Defendants were defendants in the 2003 Action and are again
defendants in the 2005 Action.  The 2005 Defendants further

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 12

assert that although the Conservancy was not a party in the 2003

Action, the 2005 Action is precluded because the Conservancy is

in privity with a party in the 2003 Action.

Here, a review of the captions of the 2003 and 2005 Actions

shows that the parties are practically identical. *See*, *e.g.*,

*Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 756 (1st Cir. 1994)

(noting the ease in determining whether the parties are the same

in "situations in which precisely the same parties appear in both

suits").  The Staples were two of three plaintiffs in the 2003

Action,[5] and are now the sole plaintiffs in the 2005 Action.

Thus, the plaintiffs in both actions are identical.

The defendants in the 2003 Action were Ruyter Bay Partners,

Van Loon, Stranahan, Salisbury, Hathaway, and Murray.  The

defendants in the 2005 Action are Ruyter Bay Partners, Ruyter Bay

Investors, Van Loon, Stranahan, Salisbury, Hathaway, Murray, and

the Conservancy.  With the exception of Ruyter Bay Investors[6] and

---

[5]   The third plaintiff in the 2003 Action, Steven J.
Malpere, brought that action as sole plaintiff.  By order entered
on February 20, 2004, this Court granted the Staples' motion to
join as *pro se* plaintiffs, provided that David Staples file an
appropriate pleading to join.  David Staples filed such a
pleading on March 1, 2004.  Subsequent filings in the 2003 Action
included the Staples as plaintiffs.

[6]   The 2005 Defendants do not put forward any argument about
whether Ruyter Bay Investors is a privy of the 2003 Defendants.
However, in their complaint, the 2005 Plaintiffs state that
Ruyter Bay Partners and Ruyter Bay Investors are the "same
partners, different company." (Compl. § 21.)

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 13

the Conservancy, the defendants in both actions are practically the same.

The Conservancy asserts that there is sufficient privity between it and Ruyter Bay Partners to satisfy the "same party or privy" requirement. Specifically, the Conservancy maintains that it has a "successive relationship to the same property rights" that are the subject of the 2005 Action. (Def. Conservancy's Mot. for Summ. J. 3). The Staples do not dispute that contention.

Privity of parties exists when there is a close or significant relationship between parties or when a non-participating party's interest is represented by or derivative of a party to the litigation. *Virgin Islands v. Lansdale*, 172 F. Supp. 2d 636, 653 (D.V.I. 2001). The Restatement (Second) of Judgments provides:

> A judgment in an action that determines interests in real or personal property:
>
> (1)  With respect to the property involved in the action:
> . . . .
>      (b)  Has preclusive effects upon a person who succeeds to the interest of a party to the same extent as upon the party himself.

RESTATEMENT (SECOND) OF JUDGMENTS § 43 (1982).

Because the Conservancy has an interest in the same property that forms the basis of the dispute in this action, there is sufficient privity between the Conservancy and the 2003 Defendants for claim preclusion purposes. *See, e.g., Transamerica*

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 14

*Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 391 (3d Cir. 2002) ("Here, there is privity between IIC and the Texas plaintiffs because the Texas plaintiffs assigned IIC their rights with respect to this litigation.").

Based on the foregoing, the Court finds that the 2005 Defendants have met their initial burden of showing that the parties in the 2003 and 2005 Actions are identical for claim preclusion purposes.  The burden thus shifts to the Staples to come forward with competent evidence that shows that there is a genuine question of material fact in this regard.  The Staples again seek to meet their burden by raising unconvincing arguments.

The Staples assert that the parties in the 2003 and 2005 Actions are not identical because of the addition of the Conservancy and Murray as defendants in the 2005 Action.  The Court has already determined that there is sufficient privity between the Conservancy and the 2003 Defendants.  Murray was named as a defendant in the 2003 Action, but was not served and did not enter an appearance.[7]  That fact has little bearing on a claim preclusion analysis because there is no requirement that the parties in the prior and subsequent actions be exactly the same. *See*, *e.g.*, *Ferdik v. McFadden*, No. 92-15390, 1992 U.S. App. LEXIS 30805, at *5 n.3 (9th Cir. 1992) (finding that claim

---

[7]  *Malpere*, 2004 U.S. Dist. LEXIS 27621, at *1 n.1.

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 15

preclusion applied where a defendant in the subsequent action who
was not served in the first action but was an alleged actor in
both complaints).  The Staples have thus failed to meet their
burden.

Accordingly, the Court finds that the parties in the 2003
and 2005 Actions are sufficiently identical for claim preclusion
purposes. *See*, *e.g.*, *R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d
178, 187 (1st Cir. 2006) (finding that claim preclusion applied
where the parties in the prior action were, "for all practical
purposes," identical to the parties in the subsequent action).

**C.   Requirement Three: Subsequent Suit Based on Same Cause of
       Action**

The third requirement for claim preclusion to apply is a
subsequent action based on the same cause of action as in the
prior action.

The Third Circuit takes a "broad view of what constitutes
identity of causes of action," *United States v. Athlone
Industries, Inc.*, 746 F.2d 977, 984 (3d Cir. 1984), and has held
that this "requirement relates to the factual circumstances
underlying the claims, not their legal basis." *Corestates Bank,
N.A. v. Huls Am., Inc.*, 176 F.3d 187, 206 (3d Cir. 1999); *see
also Davis v. United States Steel Supply, Div. of United States
Steel Corp.*, 688 F.2d 166, 171 (3d Cir. 1982) ("[R]es judicata
generally is thought to turn on the essential similarity of the
underlying events giving rise to the various legal claims.").

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 16

Without espousing a "precise definition of a cause of action [or]

adopt[ing] one magic formula or test," the Third Circuit has

examined the following four factors to determine whether the

"same cause of action" requirement is met:

> (1) whether the acts complained of and the demand for
> relief are the same (that is, whether the wrong for
> which redress is sought is the same in both actions);
> (2) whether the theory of recovery is the same; (3)
> whether the witnesses and documents necessary at trial
> are the same (that is, whether the same evidence
> necessary to maintain the second action would have been
> sufficient to support the first); and (4) whether the
> material facts alleged are the same.

*Athlone Industries, Inc.*, 746 F.2d at 984 (internal citations
omitted).

The 2005 Defendants contend that the 2003 and 2005 Actions

allege identical claims.  In support of that contention, the 2005

Defendants highlight several specific claims they assert are

alleged in both actions. (*See* Individual Defs.' Mot. for Summ. J.

with Points and Authorities in Supp. Thereof 5-6.)  The 2005

Defendants point to these allegations in the complaints in both

actions, identifying the pages and paragraphs where similar

claims are alleged.

But for minor differences in presentation, the conduct

complained of and the material facts alleged in the 2003 and 2005

Actions are practically identical.  In both actions, the

plaintiffs are suing as Sprat Bay property owners.  In both

actions, the plaintiffs allege that the defendants violated SBHOA

regulations by exempting themselves from paying dues.

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 17

Finally, in both actions, the plaintiffs claim financial losses on account of those exemptions.  In sum, the facts alleged in the 2005 Action are little more than a longer, mildly repackaged version of those alleged in the 2003 Action.

The fact that the 2003 and 2005 Actions allege slightly different theories of recovery[8] is irrelevant because those theories are predicated on precisely the same facts. *See*, *e.g.*, *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991) ("A mere difference in the theory of recovery is not dispositive."); *Charter Oak Fire Ins. Co. v. Sumitomo Marine & Fire Ins. Co.*, 750 F.2d 267, 270 (3d Cir. 1984) (noting that the "plaintiff is not entitled to another day in court if he merely proposes a different theory of recovery based upon the same 'liability creating conduct' of the defendant which gave rise to the first action").

Based on their specific showing of nearly identical claims, the Court finds that the 2005 Defendants have met their initial burden of showing that there is no genuine question of material fact with respect to this element of claim preclusion.  The

---

[8]  The complaint in the 2003 Action requests compensatory damages for nonpayment of dues, foreclosure of liens filed by the plaintiffs, punitive damages, and costs and attorneys' fees.  The complaint in the 2005 Action requests a declaration that the covenants are illegal, a nullification of any property transactions, an injunction against SBHOA board members, costs and attorneys' fees, compensatory damages for nonpayment of dues, and punitive damages.

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 18

burden thus shifts to the Staples to come forward with competent
evidence that shows that there is a genuine question of material
fact.  The Staples again raise several arguments, none of which
suffice to satisfy the Staples' burden.

The Staples argue that they are not precluded from bringing
the 2005 Action because the 2005 Action's claim of collusion
between the Individual Defendants and the Conservancy was not
alleged in the 2003 Action.  The Staples assert that at the time
of the 2003 Action, they were not aware of any facts to support
that allegation.  The record in the 2003 Action, however,
indicates otherwise.  Indeed, the record in that action shows
that the SBHOA permanently and irrevocably exempted a certain
parcel of land from dues, and conveyed that parcel to the
Conservancy.  Those facts are the same as those alleged in the
2005 Action. *See*, *e.g.*, *Winget v. JP Morgan Chase Bank, N.A.*,
Civ. No. 06-13490, 2007 U.S. Dist. LEXIS 15968, at *20 (E.D.
Mich. Mar. 7, 2007) (finding that the plaintiff's assertion that
"he did not know all the facts needed to bring the claims" in the
prior action was "belied by the allegations in the complaint and
the record").  Moreover, even assuming the Staples did not know
enough facts to bring a collusion claim in the 2003 Action,
courts have held that "the core of facts for purposes of *res
judicata* is not what the plaintiff actually knew, but what he
reasonably should have known." *See*, *e.g.*, *Hidden Cove Marina*,

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 19

*Inc. v. Fox Lake*, Civ. No. 86-2742, 1986 U.S. Dist. LEXIS 15832,
at *4 (N.D. Ill. Dec. 30, 1986) (quoting *Car Carriers, Inc. v.
Ford Motor Co.*, 789 F.2d 589, 595 (7th Cir. 1986)).

The Staples also argue, without providing any detail in the
way of pleadings, discovery and disclosure materials, and
affidavits, that the 2003 and 2005 Actions involve different
witnesses and documents.  However, such bare and conclusory
assertions are insufficient to survive a summary judgment motion.
*See Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d
Cir. 2005) ("To survive summary judgment, a party must present
more than just 'bare assertions, conclusory allegations or
suspicions' to show the existence of a genuine issue.").
Moreover, the fact that witnesses and documents may be different
in the 2003 and 2005 Actions is not necessarily dispositive in a
claim preclusion analysis. *See*, *e.g.*, *Wilson v. Reliance Ins.
Co.*, 138 Fed. Appx. 457, 459 (3d Cir. 2005) (noting that there is
"no 'bright-line test' for deciding when the cause of action is
the same").  Finally, the importance of any such difference is
diminished by the Court's finding that the material facts are the
same in both actions.[9]

---

[9]   The Staples also argue that the 2005 Action contains
breach of contract and fraud claims that were not included in the
2003 Action.  The complaints in both actions, however, allege
breach of contract and fraud.  Moreover, as discussed above, the
fact that two actions allege different claims or theories of
recovery is irrelevant for claim preclusion purposes where the
underlying facts in both actions are identical.

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 20

Accordingly, the Court finds that the acts complained of, the relief requested, the material underlying facts, and the evidence in the 2003 and 2005 Actions are substantially the same for claim preclusion purposes. *See*, *e.g.*, *Brooks v. Giuliani*, 84 F.3d 1454, 1463 (2d Cir. 1996) (dismissing federal claims because the underlying facts were substantially the same as allegations previously dismissed in state court); *Gary Fong, Inc. v. Halton*, 158 F. Supp. 2d 1012, 1016 (N.D. Cal. 2001) (finding that claim preclusion applied where "substantially the same evidence would be presented in the new action").

## IV.   CONCLUSION

For the reasons stated above, the plaintiffs are precluded as a matter of law from bringing the claims alleged in this action.  Accordingly, the Court will grant the motions for summary judgment.  An appropriate judgment follows.


**Dated: December 10, 2007**

S_____
　　　　　　**CURTIS V. GÓMEZ**
　　　　　　　**Chief Judge**



copy:　　　　Hon. Geoffrey W. Barnard
　　　　　　David H. Staples, *Pro se*
　　　　　　Marja Staples, *Pro se*
　　　　　　J. Daryl Dodson, Esq.

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion
Page 21

                Gregory H. Hodges, Esq.
                Justin K. Holcombe, Esq.
                Carol C. Jackson
                Olga Schneider
                Lydia Trotman
                Claudette Donovan
                Gregory F. Laufer