```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS & ST. JOHN
```

DAVID H. STAPLES and MARJA        )
STAPLES,                          )
                                  )
           Plaintiffs,            )
                                  )   Civil No. 2005-11
      v.                          )
                                  )
RUYTER BAY LAND PARTNERS, LLC;    )
RUYTER BAY LAND INVESTORS,        )
LLC; MIKAEL VAN LOON; STEPHEN     )
STRANAHAN; CHARLES SALISBURY;     )
GRANT HATHAWAY; FRANK MURRAY;     )
and THE NATURE CONSERVANCY,       )
                                  )
           Defendants.            )
_____)

**David H. Staples,**
     *Pro se.*

**Marja Staples,**
     *Pro se.*

**J. Daryl Dodson, Esq.**
St. Thomas, U.S.V.I.
     *For defendants Ruyter Bay Land Partners, LLC; Ruyter Bay
     Land Investors, LLC; Mikael Van Loon; Stephen Stranahan;
     Charles Salisbury; Grant Hathaway; and Frank Murray.*

**Gregory H. Hodges, Esq.**
**Justin K. Holcombe, Esq.**
St. Thomas, U.S.V.I.
     *For defendant The Nature Conservancy.*

## MEMORANDUM OPINION AND ORDER

**GÓMEZ, C.J.**

Before the Court is the motion of *pro se* plaintiffs David H. Staples and Marja Staples (the "Staples") for reconsideration of this Court's grant of summary judgment in favor of the defendants (the "Defendants") in this matter.

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion and Order
Page 2

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Staples are owners of lots at Sprat Bay Estates on Water Island, U.S. Virgin Islands, and are members of the Sprat Bay Homeowners Association, Inc. (the "SBHOA"). The Staples commenced this action in February, 2005, alleging that the SBHOA had caused them financial harm by violating certain covenants relating to the payment of maintenance dues. The Defendants moved for summary judgment against the Staples. In support of their motion, the Defendants relied on another action the Staples had initiated in this Court in July, 2003. The defendants in that action were granted summary judgment against the Staples. In their motion for summary judgment in the February, 2005 action, the Defendants argued that both actions were substantially the same, and thus that the claims in the above-captioned action were barred by the doctrine of res judicata, also known as claim preclusion. The Court granted the Defendants' motion.[1] The Staples now seek reconsideration of that ruling.

## II. ANALYSIS

Motions for reconsideration are governed by Local Rule of Civil Procedure 7.4, which provides:

> A party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that

---

[1] (*See* Mem. Op. and J., Dec. 10, 2007.)

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion and Order
Page 3

>        judge or magistrate judge.  Such motion shall be filed
>        within ten (10) days after the entry of the order or
>        decision unless the time is extended by the court. . .
>        .  A motion to reconsider shall be based on: (1)
>        intervening change in controlling law; (2) availability
>        of new evidence, or; (3) the need to correct clear
>        error or prevent manifest injustice.

LRCi 7.4 (2000). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004). As the *Bostic* court noted, ". . . Local Rule 7.4 affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*

    Here, the Staples do not explicitly assert an intervening change in controlling law or the availability of new evidence. To the extent the Staples attempt to assert the need to correct clear error or prevent manifest injustice, the Court finds the Staples' arguments unpersuasive.[2]

---

    [2] Four of the Staples' arguments may be addressed summarily. First, the Staples argue that genuine issues of

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion and Order
Page 4

The Staples' main argument is that the Defendants engaged in fraud. Specifically, the Staples appear to allege that in the July, 2003 action, the Defendants submitted a fraudulent affidavit to the Court and engaged in ex parte communication with the Court. Thus, argue the Staples, because the July, 2003 ruling was fraudulently obtained, the July, 2003 action cannot preclude the February, 2005 action.

The Staples do not specify how the affidavit was fraudulent, or provide any details about the nature of the Defendants' alleged ex parte communications with the Court. In brief, the Staples' rather bald allegations of fraud are wholly unsubstantiated.

Moreover, while the record does not reflect that the Staples alleged fraud in the July, 2003 action, they are nevertheless precluded from alleging it in this action. The Staples essentially ask the Court to reconsider its earlier decision on

---

material fact remain for trial. That argument fails because it is not relevant in a motion for reconsideration. Second, the Staples argue that a district judge did not sign the ruling in the July, 2003 action. That argument was raised by the Staples in their opposition to the Defendants' motion for summary judgment, and is thus inappropriately raised in the instant motion. Third, the Staples assert that they were "not allowed" to amend their complaint in the above-captioned action. The Staples do not assert, nor does the record reflect, that the Staples sought leave to amend their complaint. Finally, the Staples assert that the Court's summary judgment in the above-captioned action was not signed by a district judge. That assertion is false; the Memorandum Opinion and Judgment were both signed by a district judge.

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion and Order
Page 5

the basis of alleged intrinsic fraud.  Consequently, the Staples allegations could only have been brought as a motion for reconsideration in the July, 2003 action, pursuant to Federal Rule of Civil Procedure 60(b)(3).[3]  The Staples are thus barred from raising such allegations in the above-captioned action. *See*, *e.g.*, *DeNardo v. Schowen*, Civ. No. A89-442, 1990 U.S. Dist. LEXIS 13410, at *3-4 (D. Ala. Sept. 28, 1990).

Given the foregoing, the Staples have not demonstrated that this Court's December 10, 2007 decision must be revisited due to a clear error of law, to prevent manifest injustice, or for any of the other reasons set forth in Local Rule of Civil Procedure 7.4.  Accordingly, it is hereby

**ORDERED** that the motion is **DENIED.**

**Dated: January 2, 2008**

S\_____
    **CURTIS V. GÓMEZ**
      **Chief Judge**

---

[3]  That rule provides, in pertinent part:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

. . . .
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

F<small>ED</small>. R. C<small>IV</small>. P. 60(b)(3).

*Staples, et al. v. Ruyter Bay, et al.*
Civil No. 2005-11
Memorandum Opinion and Order
Page 6

copy:        David H. Staples, *Pro se*
             Marja Staples, *Pro se*
             J. Daryl Dodson, Esq.
             Gregory H. Hodges, Esq.
             Justin K. Holcombe, Esq.